IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 09-CR-30025-WDS |
| | ) | |
| **WENDELL JOHNSON,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is defendant's motion in limine (Doc. 23), to which the government has filed a response (Doc. 24). The defendant, who is charged with two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841, seeks to limit the government from introducing specific evidence or testimony. Upon review of the record, the Court rules as follows:

    1.    Defendant's first motion seeks to limit the introduction of statements given by a confidential informant (CI) involving a June 15, 2006, transaction, as that CI is now unavailable. The defendant asserts that because the informant is not available, *Crawford v. Washington*, 541 U.S. 36, 68 (2004) requires that, under the Confrontation Clause, out-of-court statements of witnesses who do not appear at trial are not admissible unless the defendant has the opportunity to cross-examine that witness.

In its response, the government indicates that it does not intend to present this evidence in its case in chief. Accordingly, the Court **DENIES** defendant's motion in limine as moot.

    2.    If the defendant does not testify at trial, he also seeks to limit the introduction of evidence of the June 15, 2006 drug transaction with the confidential informant. The government

has agreed, if the defendant does not testify, that it will not seek to introduce this evidence at trial. Accordingly, the Court **DENIES**, as moot, the defendant's motion on this ground.

3. Evidence of the defendant's possible involvement in the disappearance, and suspected murder, of the confidential informant. The government has agreed not to seek to introduce this evidence, accordingly the motion in limine on this ground is **DENIED** as moot.

4. Evidence of defendant's 2007 conviction for unlawful delivery of a controlled substance, cocaine, in Madison County, Illinois. The defendant seeks to exclude this evidence on the grounds that it would be highly prejudicial and would only go to establish the defendant's propensity to distribute drugs. The government seeks to introduce this prior drug conviction evidence, by having the Court take judicial notice of the conviction, on the grounds that it goes to establish the defendant's knowledge and lack of mistake.

It is well settled that Rule 404(b) allows the admission of evidence of other crimes for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," such evidence is inadmissible if its probative value "is substantially outweighed by the risk of unfair prejudice." *United States v. Vargas,* 552 F.3d 550, 557 (7th Cir.2008). The Court stated, in *United States v. Lee*, 558 F.3d 638, 647 (7th Cir. 2009), that:

> Admissibility under Federal Rule of Evidence 404(b) is governed by a four-part test: Whether, (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

2

*See also, United States v. Zapata,* 871 F.2d 616, 620-21 (7th Cir.1989). In this case, the defendant is charged with distribution of crack cocaine. Evidence of the defendant's prior conviction satisfies the four-part test of Rule 404(b). Based on the charged offenses, the defendant's lack of mistake and knowledge are at issue. The elements of the offense of distribution requires the government to prove that the defendant knowingly or intentionally distributed the crack cocaine, knowing that the substance was a controlled substance. The fact that the defendant has a prior conviction for delivering cocaine makes it more likely that he knew that in this case he was distributing a controlled substance, and that there was not a mistake in his actions or in the distribution. The two events are very close in time, as the Madison county offense occurred in 2007 and these offenses occurred in 2009. In addition, the defendant was actually convicted of the 2007 offense, therefore, there is sufficient evidence to support a jury's finding that he committed the prior act, and finally, the probative value outweighs the prejudicial effect. The Court recognizes that this evidence is prejudicial in nature, but **FINDS** that it is not more prejudicial than probative under the standards of Rule 404(b).

Therefore, the Court **DENIES** defendant's motion in limine on this ground. At the close of the government's case-in-chief, the government may ask the Court to take judicial notice of the defendant's prior conviction. The Court will instruct the jury as to the appropriate use, and limitations on use, of this evidence. *See,* 7th Circuit Pattern Instruction No. 3.04.

## **CONCLUSION**

Accordingly, the Court **DENIES** defendant's motion in limine on all grounds raised.

**IT IS SO ORDERED.**

**DATE:    5 June, 2009**

                                              **s/ WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**