IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 09-CR-30025-WDS |
| | ) | |
| **WENDELL JOHNSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion seeking retroactive application of the sentencing guidelines related to crack cocaine offenses (Doc. 76). The Court previously appointed counsel to represent the defendant on this motion (See, Orders of Appointment at Docs. 78, 83 and 87). Defendant's current counsel, Assistant Federal Public Defender Lee Lawless, Eastern District of Missouri, has recently filed a notice advising the defendant that due to the fact that he was sentenced as a career-offender, no further reductions are available to him under the amendments to the Advisory Sentencing Guidelines based on crack cocaine related offenses (Doc. 91). To date, the defendant has not filed any further pleadings in this matter.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment if a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Petitioner was found guilty, after a two day jury trial, of distribution of cocaine

base violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Defendant was sentenced to 300 months imprisonment. Defendant took a direct appeal which was denied by the Court of Appeals, *United States v. Johnson*, 624 F.3d 815 (7th Cir. 2010). The defendant's conviction and sentence were affirmed. *Id.*

Defendant asserts that the amendments to the Sentencing Guidelines indicate that his sentence should be reduced. Unfortunately for defendant's motion, the amendments based on crack-cocaine offenses left the career-offender guidelines unchanged. *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

The Seventh Circuit has held, "[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if ... an amendment listed in sub-section (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline...." *Griffin*, 652 F.3d at 803. See also, *United States v. Forman*, 553 F.3d 585, 590 (7th Cir.2009) (holding that because the defendant's guidelines range remained the same after a retroactive guidelines amendment based on his career-offender status, the amendment did not "have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline" which was the career-offender guideline.) See, U.S.S.G. § 1B1.10 cmt. n. 1(A).

Therefore, upon review of the record, the Court **FINDS** that the recent amendments to the advisory guidelines would not, given the sentence was based upon defendant's career-offender status, result in a lower guidelines range than that which he is currently serving, and therefore, the relief which the defendant seeks is not available to him under the amendments to the advisory Sentencing Guidelines.

Accordingly, the Court **DENIES,** on all grounds raised, the motion for further reduction in sentence based on the retroactive amendments to the Sentencing Guidelines as

the defendant is not eligible for further reductions (Doc. 76).

**IT IS SO ORDERED.**

**DATED: <u>05 April, 2013</u>**

<u>/s/ WILLIAM D. STIEHL</u>
**DISTRICT JUDGE**
