**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 09-CR-30025-SMY** |
| ) | |
| ) | |
| **WENDELL JOHNSON** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

**YANDLE, District Judge:**

Defendant Wendell Johnson filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines (Doc. 94). The Motion was referred to the Federal Public Defender's office, and Assistant Federal Public Defender Todd Schultz entered his appeared on behalf of Defendant (Docs. 103). Mr. Schultz has now moved to withdraw claiming that Defendant is ineligible for a sentence reduction under Amendment 782 because his guideline range has not changed (Doc. 104). Defendant was given thirty days to respond to counsel's Motion by this Court's Order to Show Cause (Doc. 106). Defendant did not respond.

A district court has the authority to modify a sentence where a defendant was sentenced to a term of imprisonment based on a guideline range that was subsequently lowered as a result of an amendment to the United States Sentencing Commission Guidelines Manual. 18 U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines Manual § 1B1.10(a)(1). A reduction is not authorized, however, if the amendment does not have the effect of lowering the defendant's applicable guideline range. Guidelines Manual § 1B1.10(a)(2)(B). Amendment 782, which became effective on November 1, 2014, modified the Drug Quantity Table in § 2D1.1 of the

Guidelines Manual.  It reduced by two levels the offense level assigned to drug quantities, resulting in a lower guideline sentencing range for most federal drug trafficking offenses. However, the Amendment does not apply to those Defendants sentenced as career offenders. Here, Defendant was sentenced as a career offender.  Therefore, Defendant's guideline range remains unchanged, and he is ineligible for a sentence reduction under the Amendment.

Having carefully reviewed the issues, the Court concludes that Mr. Schultz is entitled to withdraw as defense counsel, and Defendant is not eligible for the requested relief. For these reasons, Mr. Schultz's Motion to Withdraw (Doc. 104) is **GRANTED**.  Defendant's Motion for a Sentence Reduction (Doc. 94) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 14, 2015**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**